953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence W. HULBERG, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gordon BRYMER, Defendant-Appellant.
 Nos. 90-50659, 91-50000.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1991.
Decided Feb. 4, 1992.
 
 1
 Before SCHROEDER and KOZINSKI, Circuit Judges, and McKIBBEN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The defendants were convicted on three counts: conspiracy to bribe a public official and to receive stolen government property in violation of 18 U.S.C. § 371; bribery of a public official in violation of 18 U.S.C. § 201(b); and receipt of stolen government property in violation of 18 U.S.C. § 641. The defendants present a number of arguments on appeal, none of which we find persuasive.
 
 
 4
 A. Relying on United States v. Peterson, 812 F.2d 486 (9th Cir.1987), the defendants contend that the tape recordings of the conversations between Hulberg and Constantino were obtained in violation of Philippine law--and thus also in violation of the Fourth Amendment. The reliance on Peterson is misplaced. Here, unlike in Peterson, a United States citizen complains about action taken by the United States government while the citizen was in the United States. In such cases, the law of a foreign country is irrelevant in determining whether the government committed an unreasonable search under the Fourth Amendment.
 
 
 5
 We therefore look only to United States law; it is settled--and defendants do not contest this point--that recordings to which one party consents do not require a warrant. United States v. Keen, 508 F.2d 986, 989 (9th Cir.1974).
 
 
 6
 B. Section 641 of Title 18 prohibits receipt of a stolen government "record" or "thing of value" worth more than $100 with knowledge that it was "embezzled, stolen, purloined or converted." Defendants argue that section 641 does not cover the receipt of photocopies of documents, and that the value of documents does not include the value of the information contained therein. They are mistaken. That a government record is photocopied makes it no less a government record for purposes of section 641. United States v. DiGilio, 538 F.2d 972, 977-78 (3d Cir.1976). And, though we have held that section 641 does not cover the receipt of intangible property, see Chappell v. United States, 270 F.2d 274, 276-77 (9th Cir.1959), the documents themselves--the paper and ink--are tangible items. The value of information contained within tangible documents such as books or records may be considered in determining whether the value of the stolen documents exceeds $100. Cf. United States v. Tobias, 836 F.2d 449, 450-52 (9th Cir.1988).
 
 
 7
 C. Defendants argue that the district court did not properly instruct the jury on the intent required to convict of bribery under 18 U.S.C. § 201(b). We disagree. The court correctly instructed the jury that it was required to find that the defendants acted "voluntarily and intentionally to bring about either an unlawful result or a lawful result by some unlawful method."
 
 
 8
 D. Defendants also argue that the district court erred by allowing experts to testify about the documents reconstructed by Constantino. This testimony was introduced for a limited purpose: to show that the value of the documents was greater than $100. There was no error in letting the experts testify concerning this issue. The defendants' complaint is really directed at the accuracy of the reconstructed documents; that issue was for the jury and the jury obviously found against the defendants.
 
 
 9
 E. Brymer argues that the recordings of the Hulberg-Constantino conversations should not have been used against him because he had withdrawn from the conspiracy by the time the conversations took place. The question of withdrawal was for the jury, and the court correctly instructed the jury on the possibility of Brymer's withdrawal. The court further instructed the jury that if it found that Brymer had withdrawn, evidence of events occurring after his withdrawal was not to be considered against him.
 
 
 10
 F. Brymer contends that the base offense level was incorrectly calculated because the court determined the value of the bribe to be $4300 while the same bribe was valued differently for Constantino's plea bargain. Prosecutors stipulate to facts for purposes of the plea agreement; that the facts as stipulated may not always reflect the full extent of a defendant's crimes is a permissible by-product of the give-and-take of the bargaining process. The agreement reached between a prosecutor and a defendant in a different case does not bind the government or the court in sentencing these defendants.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable Howard D. McKibben, United States District Judge, District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3